UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HUMPHREY LAURENT                                    CIVIL ACTION

VERSUS                                              NO. 23-5427

THE BURLINGTON INSURANCE                            SECTION: "T" (3)
COMPANY

## ORDER AND REASONS

Following Hurricane Ida, Plaintiff Humphrey Laurent submitted an insurance claim to Defendant The Burlington Insurance Company ("Burlington"), his insurer, for property damage.[1] Burlington employed four third-party companies to work on Plaintiff's claim during its adjustment.[2] Ultimately, Plaintiff filed the instant complaint against Burlington, asserting it had mishandled and underpaid his claim.[3] Plaintiff issued non-party subpoenas to the four subcontractors seeking information relative to their work on his claim for use in this suit.[4]

In the Motion now before the Court (R. Doc. 24), Burlington argues those subpoenas must be quashed, pointing out that they were not properly served and facially violate Federal Rule of Civil Procedure 45(c)(2)(A) by commanding the recipients to produce documents over 100 miles away from where they reside, are

---

[1] R. Doc. 1-2 at 5.
[2] R. Doc. 34 at 1.
[3] R. Doc. 1-2 at 10–11.
[4] R. Docs. 24-5–8.

1

employed, or regularly transact business in person.[5] In opposition, Plaintiff argues Burlington lacks standing to challenge the non-party subpoenas.[6]

The Court, however, need not address Rule 45 standing at this stage. There is no indication that the subject subpoenas were ever served on their intended recipients. Indeed, Plaintiff does not even attempt to argue that they were. Having never been served, the subpoenas impose no duty on any putative recipient. Further, should Plaintiff persist in attempting to serve the subpoenas, he does so at his own peril under Rule 45(d)(1).[7] That rule imposes a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to [a non-party] subpoena," and it mandates: "The court for the district where compliance is required *must* enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." (emphasis added).

Accordingly;

**IT IS ORDERED** that Burlington's Motion to Quash (R. Doc. 24) is **DENIED AS MOOT**. This denial is without prejudice to any party or nonparty's right to again move the Court to quash the subject subpoenas should they be served.

---

[5] R. Doc. 24 at 5–6.
[6] R. Doc. 34 at 2–3.
[7] *See, e.g.*, Rule 45(c)(2)(A) (imposing a geographic limit on a subpoena commanding the production of documents).

New Orleans, Louisiana, this 18th day of December, 2024.

                                                  EVA J. DOSSIER
                                    UNITED STATES MAGISTRATE JUDGE